IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| WAYNE ALLEN ELI,<br><br>Plaintiff,<br><br>v.<br><br>NELSON COUNTY SHERIFF'S DEPARTMENT, DANIELLE BJORLIE, JOHN A. THELEN, KEITH OLSON, JAYME TENNESON and DOES 1 through 10,<br><br>Defendants. | Case No.:_____<br><br>CIVIL RIGHTS COMPLAINT PURSUANT TO U.S.C. § 1983 |

[¶1]   This is a complaint for damages based upon federal civil rights violations committed by the Defendant County and its respective officials, uniformed peace officers, employees, and/or agents. This case is brought pursuant to 42 U.S.C. § 1983 and North Dakota state law. This court has supplemental jurisdiction over the state law claims pursuant to U.S.C. § 1367(a).

[¶2]   This action seeks money damages because of the Defendant's participation in a private parties' wrongful deprivation of Plaintiff's property and constitutional rights. Plaintiff alleges that all of the Defendant's acted under color of state law and violated Plaintiff's rights under the First, Second, Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

[¶3] This Court has jurisdiction over the Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in Nelson County, State of North Dakota, and the corporate and/or entity Defendants, and each of them, were at all times material herein, were residents of the Nelson County, State of North Dakota, and/or have their principal place of business in said County and State, and/or were doing business in said County and State.

## PARTIES

[¶4] The Plaintiff, Wayne Allen Eli ("Mr. Eli"), is an individual who resides at 213 E. McDougall, McVille, ND 58254. At all time material to this Complaint, Mr. Eli was a private citizen of the United States and a resident of the State of North Dakota.

[¶5] Plaintiff is informed, believed, and thereupon alleges that Defendant, Danielle Bjorlie ("Defendant Bjorlie") was at all times material herein acting under color of law within the course and scope of her employment and office as a law enforcement officer of Nelson County Sheriff's Department. She is being sued individually and in her official capacity.

[¶6] Plaintiff is informed, believed, and thereupon alleges that Defendant, Keith Olson, ("Defendant Olson") was at all times material herein acting under color of law within the course and scope of his employment and office as a law enforcement officer of Nelson County Sheriff's Department. He is being sued individually and in hIS official capacity.

[¶7] Plaintiff is informed, believed, and thereupon alleges that Defendant, Jayme Tenneson ("Defendant Tenneson") was at all times material herein acting under color of law within the course and scope of his employment as States Attorney of Nelson County. He is being sued individually and in his official capacity.

[¶8] Plaintiff is informed, believed, and thereupon alleges that Defendant, John A. Thelen ("Defendant Thelen") was at all times material herein acting under color of law within the course and scope of his employment and office as a judicial officer of Nelson County District Court. He is being sued individually and in his official capacity.

[¶9] Plaintiff is informed, believed, and thereupon alleges that Defendant County of Nelson County ("Defendant County") is a duly constituted governmental entity in the State of North Dakota, and is, or was, the employer of all individually named Defendants including, but not limited to, those who are sued in their individual and official capacities.

[¶10] The identities, capacities, and/or nature of involvement of Defendant Does 1 through 10 ("Doe Defendant") are presently unknown to Plaintiff. Plaintiff therefore sues such persons using "Does" as fictitiously named defendants. Plaintiff is informed, believes, and thereupon alleges that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions, and or breaches of duty alleged below. Plaintiff will amend the Complaint to name the Doe Defendants upon learning their true identities and roles in the actions complained here.

[¶11] Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Defendant County were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant County, and under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and or ratified by Defendant County, by and through their policy makes, decision makers, officials, officers, and/or supervisors.

[¶12] Plaintiff is informed, believes, and thereupon alleges that all Defendant employed by Doe Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for Doe Defendants, under color of law. Plaintiff is unformed, believes, and thereupon alleges that each of the individuals Defendants' acts were known to, discovered by, approved by, and/or ratified by Doe Defendants, by and through policy makers, decision makers, and/or supervisors, including applicable Doe Defendants.

[¶13] Plaintiff is informed, believes, and thereupon alleges that officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policy, *de jure* or *de facto*, of Defendant County and/or Doe Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all Defendants and Doe Defendants of which Plaintiff complains herein.

[¶14] Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants, including officials, supervisors, watch commanders, and other policy makes from Defendant County and/or Doe Defendants, was the agent, employee, or co-conspirator of one other, some, or al of their Co-Defendants. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, freedom of expression, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein. Each and all of the things done by each Defendant against Plaintiff, as mentioned in this entire Complaint, were done, partially if not entirely, because of Plaintiff's expressive conduct. In doing each and all of the things herein

mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a *de facto* policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## FACTS

[¶15] Prior to September 2, 2020, Doe Defendant's, Defendant Olson and Defendant Bjorlie planned and colluded to allege false allegations to support a warrant for Mr. Eli and to charge Mr. Eli with a felony.

[¶16] On or about September 2, 2020, Defendant Bjorlie, submitted an Affidavit of Probable Cause falsely alleging that Mr. Eli had committed a criminal offense by being in possession of firearms within his residence, and further falsely alleging that Mr. Eli was a convicted felon.

[¶17] Based upon the false allegations contained in Defendant Bjorlie's Affidavit, on or about September 2nd, 2020, Defendant Tenneson forwarded an affidavit of probable cause to Defendant Thelen requesting a search warrant.

[¶18] Based upon the false allegations contained in Defendant Bjorlie's Affidavit, Defendant Thelen issued a search warrant on or about September 2, 2020.

[¶19] Upon issuance of the search warrant, deputies from the Nelson County Sheriff's Department entered Mr. Eli's private residence and seized all of Mr. Eli's guns, ammos and various firearm accessories.

[¶20] As a direct result of the search warrant, Mr. Eli was charged with felon in possession of firearm, and was ultimately arrested and detained at the Lake Region Correctional Facility.

[¶21] The search warrant was quashed on September 9th, 2020, by the Honorable Judge Donald Hager, due to the fact Mr. Eli was outside the five-year possession period pursuant to N.D.C.C. 62.1-02-01(1)(a). Mr. Eli was not a felon in possession of a firearm pursuant to N.D.C.C. 62.1-02-01(1)(a).

[¶22] Furthermore, the Affidavit of Probable Cause executed by Defendant Bjorlie states that the Defendant the Plaintiff made comments regarding keeping his guns up and includes a statement regarding the Plaintiff wearing a shirt at the time that referenced the 2nd Amendment. Defendant Bjorlie did not submit the falsified affidavit until after Mr. Eli engaged in expression protected by the First Amendment.

[¶23] Plaintiff alleges upon information and belief, that all these complained of incidents throughout this entire Complaint are the result of a failure of the Nelson County Sheriff's Department to supervise, train, and discipline its officers as to acts such as those complained of herein, and that such failure is in the face of an obvious likelihood that individuals' like Mr. Eli constitutional rights have been, and are likely to be, violated without appropriate supervision, training and discipline.

## DAMAGES

[¶24] Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Elie to suffer the following: violation of civil rights, loss of due process, loss of privacy, loss of enjoyment of privacy, loss of his right to bear arms, loss of personal liberty and freedom to move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great extreme mental anguish.

[¶25] Mr. Eli endured, and continues to endure, substantial pain and suffering due to each and every act and omission of all Defendants, and each of them.

## CLAIMS FOR RELIEF

### VIOLATION OF RIGHTS (42 U.S.C. § 1983)

#### Fourteen Amendment (Malicious Prosecution/Substantive Due Process)

[¶26] Plaintiff incorporates all paragraphs, as though fully set forth herein.

[¶27] This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteen Amendment to the United States Constitution.

[¶28] The Fourteenth Amendment guarantees Plaintiff substantive due process of law.

[¶29] The acts of Defendants were fraudulent. The Deputies acted with malice and oppression. Mr. Eli was detained, arrested, jailed and maliciously charged based upon a false affidavit, prepared by state agents, under the guise of their sworn duty as officers of the law.

### VIOLATION OF RIGHTS (42 U.S.C. § 1983)

#### Fourth Amendment (Unlawful Seizure/Search)

[¶30] Plaintiff incorporates all paragraphs, as though fully set forth herein.

[¶31] This cause of action arises under 43 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth Amendment to the United States Constitution.

[¶32] The Fourth Amendment protects Plaintiff from an unreasonable search and seizure.

[¶33] The unlawful seizure of Mr. Eli's firearms, and the unlawful seizure, detention, and prolonged detention of Mr. Eli by the Defendants were without lawful basis, reasonable

suspicion, probable cause, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Eli's Fourth Amendment rights.

[¶34] The unlawful search of Mr. Eli's private residence was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Eli's Fourth Amendment rights.

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### Second Amendment (Right to Bear Arms)

[¶35] Plaintiff incorporates all paragraphs, as though fully set forth herein.

[¶36] This cause of action arises under 43 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Second Amendment to the United States Constitution.

[¶37] The Second Amendment gives citizens the right to bear arms.

[¶38] The unlawful seizure of Mr. Eli's firearms and ammunition were without lawful basis, reasonable suspicion, probable cause, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Eli's Second Amendment rights.

[¶39] The unlawful seizure of Mr. Eli's firearms and ammunition were without lawful basis, reasonable suspicion, probable cause, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Eli's Second Amendment rights.

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### First Amendment (Free Speech)

[¶40]  Plaintiff incorporates all paragraphs, as though fully set forth herein.

[¶41]  This cause of action arises under 43 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the First Amendment to the United States Constitution.

[¶42]  The First Amendment guarantees Mr. Eli's freedom of speck and expression permitting Mr. Eli, to *inter alia*, freely and lawfully express opinions or ideas. This expression may be accomplished verbally, demonstratively, and/or symbolically.

[¶43]  All of the acts complained of herein were retaliatory and directed towards Mr. Eli because of his statements, and the symbolism of his apparel.

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### Conspiracy to Violate Civil Rights

[¶44]  Plaintiff incorporates all paragraphs, as though fully set forth herein.

[¶45]  This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the First, Second, Fourth and Fourteenth Amendments to the United States Constitution.

[¶46]  Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Mr. Eli's civil rights afforded under the United States Constitution.

[¶47]  Among other things, the Defendants acted in conspiracy and with agreement, permission, ratification, and approval of their joint conduct to unlawfully search Mr. Eli's private

residence, to unlawfully seize Mr. Eli's firearms, to unlawfully detain Mr. Eli, and falsifying an Affidavit of Probable Cause resulting in the jailing of Mr. Eli.

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### Failure to Train, Supervise, Discipline, or Correct

[¶48] Plaintiff incorporates all paragraphs, as though fully set forth herein.

[¶49] This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the First, Second, Fourth and Fourteenth Amendments to the United States Constitution.

[¶50] Defendants and Defendant County violated Mr. Eli's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

[¶51] The Plaintiff is informed, believes, and thereupon alleges that Defendant County has failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the Nelson County Sheriff's Department as to the legal requirements and protections applicable to persons as set forth in the United States and North Dakota Constitutions, and other laws.

[¶52] Mr. Eli alleges that these failures amount to a *de facto* policy and are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers. These include, but are not limited to, officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policy, as necessary to further these improper policies, practices, customs, and procedures.

[¶53] The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Eli.

[¶54] Defendant Bjorlie acted in a supervisory capacity with respect to the incidents involving Mr. Eli. In that capacity, Defendant Bjorlie acted in conscious disregard and/or with deliberate indifference to the rights of Mr. Eli.

[¶55] These supervisory failures of Defendant Bjorlie directly caused and contributed to Plaintiff's damages.

[¶56] Plaintiff specifically alleges that Defendant Bjorlie and Defendant County's policy, custom and practice, as described *supra*, was within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## PRAYER FOR RELIEF

[¶57] **WHEREFORE,** Mr. Eli prays for the following relief from Defendants, and each of them, for each of the above causes of action:

1. A Jury trial on all appropriate issues;

2. For compensatory damages, including general and special damages, according to proof;

3. For nominal damages, according to proof;

4. For punitive damages pursuant to 42 U.S.C. § 1983, and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

5. For statutory damages, according to proof;

6. For prejudgment interest according to proof;

7. For reasonable attorney fees pursuant to U.S.C. § 1983;

8. For costs of suit; and

9. For such further relief which is just and proper.

Dated this 5 day of September, 2023.

_____
Wayne Eli, Defendant